1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBIE A. DAVIDSON,

                                    Plaintiff,

         v.

ELDIN VAIL, DAN PACHOLKE, JEFF
UTTECH, and JULIE CRUFF,

                                    Defendants.

No. C11-6048 BHS/KLS

**ORDER TO AMEND OR TO SHOW
CAUSE**

Plaintiff Robie A. Davidson is confined at the King County Regional Justice Center in
Kent, Washington.  He has filed a proposed civil rights complaint with the Court.  ECF No. 1.
Upon review, the Court finds that the complaint suffers from several deficiencies and declines to
serve it.  However, Plaintiff will be given an opportunity to show cause why his complaint
should not be dismissed or to file an amended complaint.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the court is required to screen
complaints brought by prisoners seeking relief against a governmental entity or officer or
employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint
or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that
fail to state a claim upon which relief may be granted, or that seek monetary relief from a
defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See
*Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER - 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted.

"**1st and 2nd Claims**":  In this claim, Plaintiff states that on April 1, 2010 at the Washington Corrections Center, he "was denied written communication with Sarah Jo Martin in

ORDER - 2

violation of the terms of his Judgment and Sentence".  He names various John and Jane Doe

parties and Eldon Vail and Dan Pacholke as "involved parties."  In his "2nd Claim", Plaintiff

states that on May 27, 2010 at the Coyote Ridge Corrections Center he "was denied written

communication with Sarah Jo Martin in violation of the terms of his Judgment and Sentence".

He names additional individuals as "involved parties."  It is entirely unclear what Plaintiff is

alleging in these claims.

"3rd Claim":  Plaintiff complains that funds were seized from his inmate trust account in

violation of Pierce County court orders by several individuals, but he names only the supervisors

of these individuals as defendants.

Plaintiff has named Eldon Vail, the Secretary of the Department of Corrections; Dan

Pacholke, the Director of the Department of Corrections; Jeffrey Uttech, the Superintendent of

the Coyote Ridge Corrections Center; and Julie Cruff, a Community Corrections Officer of the

Department of Corrections as Defendants.   Plaintiff is advised that in order to state a claim

under 42 U.S.C. § 1983, claims can only be brought against people who personally participated

in causing the alleged deprivation of a right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff must set forth factual allegations and allege with specificity the names of the persons

who caused or personally participated in causing the alleged deprivation of his constitutional

rights.  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of

supervisory responsibility or position.  *Monell v. New York City Dept. of Social Services*, 436

U.S. 658, 694 n.58 (1978).  A theory of *respondeat superior* is not sufficient to state a § 1983

claim.  *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

"4th Claim":  Plaintiff alleges that his incoming mail was refused and that he did not

receive notice of mail refusals.  He lists involved parties but names only supervisors as

ORDER - 3

defendants.  As noted above, 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  Plaintiff must name each person and state what each person did or did not do to deprive him of his constitutional rights and he must name that person as a defendant.  He must also provide an address and a service copy of his complaint for every defendant named.

   **"5th, 6th, 7th, 8th, 9th, and 10th Claims":**  Plaintiff alleges that the DOC refused to release him from custody at the completion of his term of confinement, that he is being held without bail for an alleged violation of community custody, that his due process rights have been violated and that his property has been seized in connection with his imprisonment.  These are not cognizable claims under 42 U.S.C. § 1983.

   When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).   In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral

ORDER - 4

proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).

State remedies must be exhausted except in unusual circumstances.  *Granberry*, *supra*, at 134.  If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

Because Plaintiff seeks an earlier release from confinement and damages relating to his continued confinement, his action is not cognizable under 42 U.S.C. § 1983 and the proper course of action to challenge his incarceration is through a habeas corpus petition, which he must first file in state court.

Moreover, to the extent the state court criminal proceedings against the Plaintiff are ongoing, this Court will not intervene absent extraordinary circumstances where the danger of irreparable harm is both great and immediate.  See *Younger v. Harris*, 401 U.S. 37, 45  46 (1971);  see also *Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1)

ORDER - 5

ongoing state judicial proceeding;  (2) implication of an important state interest in the

proceeding;  and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court

intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been

appealed from and the case concluded in the state courts.  *Drury v. Cox*, 457 F.2d 764, 764 65

(9th Cir.1972).  See *Carden v. Montana*, 626 F.2d 82, 83 84 (9th Cir.), cert. denied,  449 U.S.

1014 (1980).  Extraordinary circumstances exist where irreparable injury is both great and

immediate, for example where the state law is flagrantly and patently violative of express

constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual

circumstances that would call for equitable relief.  *Younger*, 401 U.S. at 46, 53-54.  Here,

Plaintiff has not plead any extraordinary circumstances warranting intervention by this Court in

any ongoing state proceeding.

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff

may file an amended complaint curing, if possible, the above noted deficiencies, or show cause

explaining why this matter should not be dismissed no later than **February 24, 2012.**   If

Plaintiff chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. §

1983, his amended complaint shall consist of a short and plain statement showing that he is

entitled to relief, and he must allege with specificity the following:

1)      the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

2)      the dates on which the conduct of each defendant allegedly took place; and

3)      the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs.  The

amended complaint shall operate as a complete substitute for (rather than a mere supplement to)

ORDER - 6

the present complaint.  Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" in the caption.  Additionally, Plaintiff must submit a copy of the "Amended Complaint" for service on each named defendant.

Plaintiff is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **February 24, 2012**, the Court **will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).**  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  **The Clerk is directed to send Plaintiff the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

DATED this ___23rd___ day of January, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 7