1
2
3
4
5          UNITED STATES DISTRICT COURT
6       WESTERN DISTRICT OF WASHINGTON
                AT TACOMA
7   ROBIE DAVIDSON,
                                          No. C11-6048 BHS/KLS
8                          Plaintiff,
                                          ORDER DENYING MOTION FOR
9        v.                               COUNSEL

10  ELDON VAIL, DAN PACHOLKE,
    JEFF UTTECH, and JULIE CRUFF
11
                           Defendants.
12

13          Before the Court is Plaintiff's Motion for Appointment of Counsel.  ECF No. 19.  Having

14  carefully considered the motion and balance of the record, the Court finds that the motion should

15  be denied.

16                                    DISCUSSION

17          No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v.*

18  *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S.*

19  *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

20  discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may

21  appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

22  U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

23  *grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional

24  circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

25  the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

26

issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Plaintiff states that he is unable to afford counsel, the case is complex, and that he has limited legal knowledge.  ECF No. 19.  However, Plaintiff does not meet the criteria for the appointment of counsel and has not shown that he is unable to continue representing himself in this litigation.  Plaintiff has demonstrated that he is able to articulate his claims in a clear fashion understandable to this Court.  In addition this is not a complex case.  This case does not involve complex facts, or law. Plaintiff claims that his mail was wrongfully rejected and that Defendants retaliated against him.  This case will not require the use of experts or any other in-depth analysis or argument.  In addition, Plaintiff's incarceration does not increase the complexity of his case. "Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case.  If all that was required to establish successfully the complexity of the relevant issues was a demonstration

ORDER  - 2

of the need for development of further facts, practically all cases would involve complex legal issues." *Wilborn*, 789 F.2d at 1331.

Finally, Plaintiff has yet to show that he is likely to succeed on the merits of this case. Issuance of a Scheduling Order by this Court does not indicate a finding that Plaintiff's claim has merit. Other than a conclusory statement that the Defendants violated his constitutional rights by rejecting his mail, Plaintiff has made no showing that he is likely to succeed on the merits of his claim. Plaintiff has failed to demonstrate he meets the "exceptional circumstance" for an appointment of counsel in this case.

Accordingly, it is **ORDERED**:

(1)     Plaintiff's motion for counsel (ECF No. 19) is **DENIED.**

(2)     The Clerk shall send a copy of this Order to Plaintiff.


**DATED** this 13th day of June, 2012.


Karen L. Strombom
United States Magistrate Judge

ORDER  - 3