UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBIE DAVIDSON,<br><br>  Plaintiff,<br><br> v.<br><br>ELDON VAIL, DAN PACHOLKE, JEFF UTTECH, JULIE CRUFF,<br><br>  Defendants. | NO. C11-6048 BHS/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND STAYING DISCOVERY PENDING MOTION TO DISMISS |

Before the Court is Plaintiff's motion for extension of the discovery deadline. ECF No. 25. Also before the Court is Defendants' request to stay discovery pending the Court's ruling on their motion to dismiss.[1] ECF No. 27. Having considered the motions, responses, and balance of the record, the Court finds that Plaintiff's motion should be denied and that all discovery stayed pending a ruling on Defendants' motion to dismiss.

**BACKGROUND**

On April 30, 2012, the Court issued a scheduling order setting a discovery deadline of October 26, 2012 and a dispositive motion deadline of December 28, 2012. ECF No. 17. On May 18, 2012, Defendants received Plaintiff's First Set of Interrogatories and Requests for Production to Defendants. ECF No. 26, Exhibit 1, Declaration of Kevin Elliott. On June 12, 2012, Defendants' objections and responses were sent to Plaintiff without original signature to

---

[1] Defendants' motion to stay is included within their motion to dismiss. ECF No. 27. The motion to dismiss is noted for November 23, 2012. ECF No. 27. A separate Pro Se Prisoner Dispositive Motion Notice was sent to Plaintiff on October 29, 2012. ECF No. 28.

ORDER - 1

avoid delay. *Id.* The original signature page was sent on June 20, 2012. *Id.* Plaintiff and counsel for Defendants have corresponded regarding objections and responses, but as of October 22, 2012, Defendants have received no additional discovery requests from Plaintiff. *Id.* Defendants filed a motion to dismiss Plaintiff's claims based, in part, on Plaintiff's failure to exhaust his administrative remedies, and ask that discovery be stayed pending the outcome of the motion. ECF No. 27.

**DISCUSSION**

A scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). The stringent requirement of Fed. R. Civ. P. 16(b)'s "good cause" standard considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Good cause" for modification of pretrial order's scheduling deadline means that scheduling deadlines cannot be met despite the diligent efforts of the party seeking the extension; carelessness is not compatible with finding of diligence and offers no reason for grant of relief. *Id.; Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted).

The Court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26(c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

The discovery cutoff date of October 26, 2012 has been known to Plaintiff for over five months. During that time, Plaintiff submitted one set of interrogatories and requests for production to Defendants. He has conducted no other discovery. Plaintiff requests a three month extension of the discovery deadline, until January 30, 2013. He states that he is currently being processed for release, does not have access to his legal files, and during his transport from the King County Jail, he was "denied the ability to transport his legal files" to the Washington Corrections Center. ECF No. 25, p. 2.

Plaintiff does not explain why he failed to conduct additional discovery in the months before the discovery deadline expired. More importantly, he does not describe what additional discovery he needs and does not explain why he has not pursued this unidentified discovery before or identify what steps he has taken to obtain this unidentified discovery before seeking this extension. Plaintiff has not shown good cause to extend the discovery deadline. In addition, the Court agrees that the parties should not face the burden and expense of additional discovery as to claims that may not survive the motion to dismiss.

It is, therefore, **ORDERED**:

(1) Plaintiff's motion for extension of the discovery deadline (ECF No. 25) is **DENIED.** Defendants' motion to stay discovery (ECF No. 27) is **GRANTED.** All discovery in this matter shall be **stayed** pending the Court's ruling on Defendants' motion to dismiss.

(2) The Clerk shall send copies this Order to Plaintiff and to counsel for Defendants.

**DATED** this 2nd day of November, 2012.

Karen L. Strombom
United States Magistrate Judge